United States District Court
Southern District of Texas
**ENTERED**
July 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 11-16-1 |
| | § | |
| ADE LAWRENCE | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Ade Lawrence filed a *pro se* petition for a writ of *coram nobis* to vacate

his 2012 conviction for conspiracy to possess illicit substances aboard an aircraft with intent

to distribute in violation of 21 U.S.C. § 963. (Docket Entry No. 422.) Petitioner completed

his 235-month term of imprisonment and was released from prison on May 4, 2023.

A writ of *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a), is a remedy of

last resort for persons who are no longer in custody pursuant to a criminal conviction. *See*

*United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). The writ of *coram nobis* is

an extraordinary remedy to correct errors of the most fundamental character. *United States*

*v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). To obtain *coram nobis* relief, a petitioner

must demonstrate that: (1) he is no longer in custody, (2) he has no other available remedy,

(3) he has sound reasons for failing to seek appropriate relief earlier, (4) he suffers from

lingering civil disabilities as a result of his conviction, and (5) the error was of sufficient

magnitude to justify extraordinary relief. *Esogbue*, 357 F.3d at 534–35. However, "the

regurgitation of claims previously presented in a § 2255 motion, or the presentation of

claims that reasonably could have been so raised, does not amount to the necessary

showing" to warrant *coram nobis* relief.  *United States v. Deberry*, 481 F. App'x 885, 886 (5th Cir. 2012) (quoting *Esogbue*, 357 F.3d at 535) (cleaned up).

Petitioner claims entitlement to relief in this case because trial counsel was ineffective in "failing to object to the district court judge['s] constructive amendment of the indictment during trial by broadening the possible basis for the conviction to include conspiring to have American citizens possess cocain aboard an aircraft with intent to distribute."  Petitioner unsuccessfully raised this claim in a 2014 motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The Court dismissed the claim and denied relief.  (Docket Entry No. 388, pp. 8–13.)  The United States Court of Appeals for the Fifth Circuit denied petitioner a certificate of appealability.  (Docket Entry No. 408.)  Because petitioner is here attempting to relitigate a claim that was litigated and rejected in an earlier post-judgment filing, he is not entitled to a writ of *coram nobis*.

Petitioner's petition for a writ of *coram nobis* (Docket Entry No. 422) is **DENIED WITH PREJUDICE**.  To any extent necessary, a certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 21st day of July, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE